JOHN H. B. DALRYMPLE, TRADING AS RARITAN TRUCK-
ING COMPANY, PLAINTIFF, v. PUBLIC SERVICE RAIL-
WAY COMPANY, A CORPORATION, DEFENDANT.

Submitted March 13, 1925—Decided October 8, 1925.

**Negligence—Motor Vehicle Collision With Trolley Car—Circum-
stances Unusual—Street Undergoing Repairs and Traffic Go-
ing Both Ways, Using One Side—Motor Vehicle Could Not
Clear Car Track in Time—Verdict Not Against Weight of
Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *Wight, Wight & Golenbock.*

For the defendant, *Leonard J. Tynan.*

PER CURIAM.

This action grew out of a head-on collision between a
motor truck belonging to the plaintiff and a trolley car of the
defendant, on a highway in Middlesex county known as the
Bonhamtown road. The circumstances of the accident were
a little unusual. The road in question, which for present pur-
poses may be described as running east and west, had been
in bad order. A single trolley track of the defendant ran
down the center of the road, and on both sides of this the
surface had worn away considerably, leaving the rails of the
track somewhat above the surface. The south side of the
road was under repair and closed to traffic; the north side,
though in bad order, was in use. The plaintiff's truck, being
the first of a convoy of three or four trucks, was going east-
ward and the trolley car was coming west. Because of the
repair work on the south side, all the ordinary traffic on the
road was running along the north side. According to the

testimony of the driver of the leading truck, which was the damaged one, he was straddling the northerly rail of the trolley track, the right-hand wheels of the truck being between the trolley rails, and while the truck was going down grade this driver saw a car coming in the opposite direction and endeavored to turn to the left and get the wheels of his truck out of the track, but the front wheel was held by the projecting rail, so that while he was still engaged in trying to clear the track for the trolley car, the latter came along and struck his truck head-on. This view of the case is corroborated to some extent by the fact that both the trolley car and truck were injured on the right front. The car platform floor was shattered and the motorman, according to his testimony, was dropped through the floor and his legs were dangling on the ground; also, the air line was broken and, consequently, the motorman was unable to apply the brakes or shut off the power, and the car proceeded for a short distance and then began to roll backwards down the hill, but was stopped by the blocking of a wheel.

The only reason assigned is that the verdict is against the weight of evidence. We have read the testimony with care and feel obliged to say that we are unable to conclude that the jury disregarded th great weight of the evidence. It may well be conceded that there was some considerable exaggeration on both sides. But the jury were entitled to accept the general description of the situation as given by the plaintiff's witnesses, and if they did so, it would seem that they could properly say that the motorman, seeing this driver struggling to get his truck out of the road, ought to have reduced the speed of his car and stopped, if necessary, before the collision took place, especially as the car was going up grade.

The rule to show cause will be discharged.